*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-308

MAY TERM, 2015

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Bennington Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Laura Rudd | } | DOCKET NO. 951-9-13 Bncr |

Trial Judge: Nancy S. Corsones

In the above-entitled cause, the Clerk will enter:

Defendant appeals from her conviction of disorderly conduct following a jury trial. She argues that there is insufficient evidence to support her conviction and that the probationary sentence imposed by the court violates 28 V.S.A. § 205(c)(1). We affirm defendant's conviction and decline to address her statutory argument because it is moot given that her probationary term expired on February 23, 2015.

Defendant was charged with disorderly conduct following an incident with her neighbor. The following evidence was presented at trial. The town police chief testified that in July 2013, defendant went to the police department to report an incident. Defendant said that her neighbors were putting boulders on her property and that she had gone out to confront them about it. In the process, defendant maintained that one particular neighbor had assaulted her. According to defendant, this neighbor was videotaping what was occurring and defendant waved to the video camera. Defendant said that she walked up to the neighbor and the neighbor took the camera and shoved it at her and hit defendant in the finger. Defendant provided a sworn written statement to this effect to the police.

The police chief went to the scene to investigate. He watched the videotape of the encounter and interviewed other witnesses. One witness was doing roofing work at the time of the incident. He testified that he saw defendant approach an excavator, which was there to mark a boundary line. He then saw defendant push or shove one of the neighbors. The witness video recorded what was occurring on his cellphone and the video was shown to the jury. The alleged victim also testified. She stated that on the day in question, there was an excavator marking boundary lines for a right-of-way. Defendant came from her house and walked up to the excavator. She pounded on the excavator as it was going up the road. After speaking with the driver of the excavator, the neighbor testified that defendant came at her. Defendant took the neighbor's camera and slammed the camera into the neighbor's face, cracking the neighbor's glasses and her camera. The neighbor recorded this behavior on her camera as it occurred. The neighbor denied hitting defendant or pushing her camera into defendant's finger. The neighbor's video was also played for the jury.

After the State rested, defendant moved for a judgment of acquittal. Defendant argued that no reasonable juror could find her guilty because the evidence did not show that she had engaged in fighting, violent, tumultuous, or threatening behavior. Defendant maintained that the only evidence of such behavior came from "highly suspect" witnesses. The court denied the motion, finding that when the evidence was taken in the light most favorable to the State, the State had met its burden of proof. Defendant did not present any evidence on her behalf.

The court instructed the jury that to convict defendant of disorderly conduct, the jurors must unanimously agree on the type of behavior that she committed. It explained that "threatening behavior" meant "behavior that communicates an intention to do harm to another person or to that person's property." The jury found that defendant had engaged in threatening behavior and that she was guilty of disorderly conduct. Defendant filed a post-judgment motion for judgment of acquittal, which the court denied.

A sentencing hearing followed. The victim testified that defendant had long been hostile toward her and described in detail her and her family's interactions with defendant, including defendant giving the neighbor's eight-year-old daughter "the finger"; dumping debris on the victim's property; calling the police repeatedly about the victim; videotaping the victim; and breaking survey stakes the victim had set up. The victim said that she had had yet another encounter with defendant on the way to the sentencing hearing. The State advocated for a probationary sentence of one year with no early termination of probation and an underlying sentence of fifty to sixty days. The State asked for "very strict conditions" of probation, including a no-contact provision with respect to the victim and her family; no photographing or videotaping of the victim or her family; no abuse or harassment of the victim and her family; and a condition allowing defendant's probation officer to examine defendant's phone and camera for unauthorized photos and videos.

Defendant argued that the conditions proposed by the State had no rational relationship to the crime for which defendant was convicted. Defendant asked the court to refer the matter to the reparative board and to impose no probation or any other sentence. During her allocution, defendant denied engaging in disorderly conduct and denied that she had ever touched the victim. She stated that the victim hit her with the camera.

The court explained that it was obvious that defendant and the victim had a difficult relationship and that the court could not solve that problem. Nonetheless, it sought to respond in a productive and rehabilitative fashion to at least minimize the chances for future difficulties between neighbors. The court explained that it was focused on punishment and rehabilitation. It recognized how problematic a dispute between neighbors could be, and the impact that such disputes had on individuals and on the community. The court considered this an aggravating factor. It appeared that the parties had both engaged in negative behavior toward one another in the past, which the court viewed as a mitigating factor. The court did not find that a referral to the reparative board was a viable option given the depth of animosity between the parties and the risk that defendant would simply need to come before the court again to be sentenced. Instead, it found a six-month term of probation appropriate with an underlying sentence of zero to sixty days, all suspended. It imposed the "standard conditions" of probation and the following special conditions: that defendant have no contact with the victim and her partner and that she not harass or threaten them; that she participate in victim-offender mediation if available; and that there would be no early termination of probation. The court declined to impose conditions prohibiting

2

defendant from photographing anyone or allowing her probation officer to search her cellphone or other camera device. This appeal followed.

Defendant first argues that the court erred in denying her motion for judgment of acquittal. She maintains that she did not engage in threatening behavior because her behavior could not be construed to communicate an intention to do harm to another person or to that person's property. According to defendant, the most that can be determined from the evidence is that she walked up to the neighbor, who was in close proximity, pushed the camera towards her face and walked away. She states that her actions did not communicate an intent to do anything else; whatever she intended to do, she did, and there was nothing about her actions that suggested she would be doing something more.

We review the denial of a Vermont Rule of Criminal Procedure 29 motion for judgment of acquittal de novo, considering whether "the evidence, when viewed in the light most favorable to the State and excluding any modifying evidence, fairly and reasonably tends to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt." State v. Turner, 2003 VT 73, ¶ 7, 175 Vt. 595 (mem.) (quotation omitted). Judgment of acquittal is appropriate "only if the State has failed to put forth any evidence to substantiate a jury verdict." Id.

The State presented sufficient evidence to substantiate the jury's verdict here. The State needed to establish that defendant, "with intent to cause public inconvenience or annoyance, or recklessly creates a risk thereof" engaged in "threatening behavior." 13 V.S.A. § 1026(a)(1). As noted above, the court instructed the jury that "threatening behavior" means "behavior that communicates an intention to do harm to another person or to that person's property." This is consistent with our law. See State v. Cole, 150 Vt. 453, 456 (1988) (stating that "[a] threat is a communicated intent to inflict harm on person or property," and "[t]hreatening behavior is behavior that communicates the requisite intent"). Here, the evidence showed that defendant walked toward the victim and shoved a camera in her face, breaking the camera and the victim's glasses. Defendant communicated through this behavior her intent to harm both the victim and her property. The State did not need to prove that she intended to harm the victim further to meet its burden of proof. We find no error in the court's denial of defendant's motion for a judgment of acquittal.

Defendant next argues that the court's probationary sentence violates 28 V.S.A. § 205(c)(1). Section 205(c)(1) provides as follows:

> Unless the court in its discretion finds that the interests of justice require additional standard and special conditions of probation, when the Court orders a specific term of probation for a qualifying offense, the offender shall be placed on administrative probation, which means that the only conditions of probation shall be that the probationer:
>
> (A) register with the department of corrections' probation or parole office in his or her district;
>
> (B) notify the probation office of his or her current address each month;

3

(C) within 72 hours, notify the Department of Corrections if probable cause is found for a criminal offense during the term of probation; and

(D) not be convicted of a criminal offense during the term of probation.

Disorderly conduct, 13 V.S.A. § 1026, is a "qualifying offense." See id. § 205(c)(2)(F). Defendant maintains that the court ignored this statute, and that there was no reason or basis in the record to impose the "standard" conditions in this case.

We decline to address this argument because it is moot given the fact that defendant's probationary term expired on February 23, 2015. See In re Moriarty, 156 Vt. 160, 163 (1991) (stating that "a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome" (quotation omitted)).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

4